UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 4:22CR00706 SRC |
| v. ) | |
| ) | |
| JUSTIN COLLINS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant JUSTIN COLLINS, represented by defense counsel CHIMENE Y. LASKLEY, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

   A.   **The Plea:**   Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count One of the Indictment, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's violations of federal law, known to the United States at this time, arising out of

the events set forth in the Indictment.

  **B.** **The Sentence:** The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

**3.** **ELEMENTS:**

As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

  (i) The defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

  (ii) The defendant, thereafter, knowingly possessed a firearm;

  (iii) At the time the defendant knowingly possessed a firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

  (iv) The firearm was transported across a state line at some point during or before the

defendant's possession of it.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On July 13, 2022, Saint Louis County Police Department detectives began a fugitive investigation into the defendant in connection with a Domestic Assault/Kidnapping incident that occurred on July 11, 2022 (detailed below). Detectives were given a photograph of a vehicle believed to be operated by the defendant, and a Facebook profile. Detectives obtained a search warrant for the Facebook profile associated with the defendant ("Jay Goin Hard") and learned of an address that the defendant frequently provided to other Facebook users. On July 27, 2022, detectives responded to 7832 Atherstone Drive and observed a silver Mercury Cougar in the driveway. The Cougar matched the photograph of the vehicle used in the kidnapping incident. Detectives later observed the Cougar leaving the area and followed the vehicle. After the vehicle stopped at a gas station, officers were able to positively identify the defendant as the driver of the Cougar. When the officers approached the defendant and announced their presence, the defendant fled on foot. During his flight, the defendant slipped and fell, allowing the officers to catch up to him and detain him. The defendant was placed under arrest for his warrants and searched. No contraband was found on the defendant's person.

After the defendant had fled from the vehicle, other officers approached and conducted a brief protective search of the vehicle. At that time, the officers observed a firearm in plain view between the driver's seat and center console. The vehicle was towed from the scene and an

inventory search conducted. During the search, the officers located a backpack in the backseat with multicolored pills, a baggie of white powder, a baggie of suspected marijuana, a digital scale, a box of 9mm ammunition, and additional plastic baggies. While in custody, the defendant asked an officer to retrieve his phones and the $43 he had in the vehicle. The officer located the money (exact amount) near the emergency break lever. He also located a cell phone on the driver's seat, as well as a second phone in the center console.

The firearm was sent to the Saint Louis County Police Department Crime Laboratory for analysis by a firearms expert. The firearm was evaluated and determined to be a Taurus G2S model, 9mm Luger caliber semi-automatic pistol bearing serial number ABD475035. The pistol was determined by an expert firearms examiner to have been manufactured outside the State of Missouri, and therefore, the pistol had been transported across state lines and in interstate commerce prior to or during the defendant's possession. The pistol was tested and found capable of expelling a projectile by the action of an explosive and, therefore, is a "firearm" as defined under federal law.

A record check of the defendant revealed that prior to July 27, 2022, the defendant was convicted of at least one felony crime punishable by imprisonment for a term exceeding one year. At the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

On July 11, 2022, victim T.B. reported that the defendant, her ex-boyfriend, had picked her up in his car and they got into a verbal argument where he accused her of cheating. The defendant took T.B.'s phone and cash and refused to let her out of the car. When T.B. attempted to exit the car on her own, the defendant pointed a gun at her back and threatened to shoot her if

she opened the door. T.B. reported that the defendant continued to physically assault her, punching her in the face and pistol-whipping her as well. The defendant drove T.B. to Sievers Park where he met his sister, Danyale Norman, and another female friend. Danyale struck T.B. with a crowbar several times and then removed T.B. from the vehicle, continuing to strike her with the crowbar while her friend punched and kicked T.B. Danyale spit in T.B.'s mouth and then strangled her for approximately a minute. When other people in the park began to realize what was happening, the defendant forced T.B. back into the vehicle and drove off. T.B. was finally able to get out of the vehicle around West Florissant and Goodfellow. Photographs of T.B.'s injury were taken by SLCPD and she was taken to the hospital where she was treated for her injuries. A video documenting part of the assault in the park was located in the defendant's Facebook data.

While in custody on the above charges, the defendant spoke with victim T.B. At present, the parties dispute the nature of these conversations.

5. **STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime in Count One of the Indictment, to which the defendant is pleading guilty, is imprisonment of not more than fifteen years, a fine of not more than $250,000, or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than three years.

In certain situations under Title 18, United States Code, Section 924(e)(Armed Career Criminal), the defendant may be subject to a mandatory minimum sentence of imprisonment of fifteen (15) years and a maximum of life, a fine of not more than $250,000, or both such imprisonment and fine, and a term of supervised release of not more than five years. The defendant

is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to the defendant's sentence.

6.  **U.S. SENTENCING GUIDELINES: 2021 MANUAL**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

   A.  **Chapter 2 Offense Conduct:**

   i.  **Base Offense Level:** The parties agree that the Base Offense Level is found in Section 2K2.1(a), and depends on, among other things, the nature of the defendant's criminal history and the characteristics of the firearm. The Base Offense Level may also be determined under Section 4B1.4 if the defendant is determined to be an Armed Career Criminal.

   ii.  **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: Under Section 2K2.1(b)(6)(B), **four (4)** levels shall be added because the defendant used the firearm in connection with another felony offense.

   B.  **Chapter 3 Adjustments:**

   i.  **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because the defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because the defendant timely notified

authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if the defendant does not abide by all of the agreements made within this document, the defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that the defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of the defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with the defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

      ii.    **Other Adjustments:** The parties agree that the following adjustments may apply: Under Section 3C1.1, **two (2)** levels may be added because the defendant obstructed justice. Both parties reserve the right to argue for or against the application of this adjustment, along with any other chapter 3 adjustments.

    C.    **Estimated Total Offense Level:** The parties agree that the Total Offense Level for Count One will depend on the Base Offense Level determined pursuant to Section 2K2.1(a), along with other relevant factors stated above, unless the defendant is an Armed Career Criminal. The parties acknowledge that the offense level may also be increased when determining the combined offense level pursuant to Section 3D1.4. Depending on the underlying offense and the defendant's criminal history, the defendant could be an Armed Career Criminal pursuant to Title

18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds the defendant is an Armed Career Criminal, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not an Armed Career Criminal.

D.  **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

E.  **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made above but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

7.  **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

A.  **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

i.  **Non-Sentencing Issues:** The parties waive all rights to appeal all non-

jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty, and whether the defendant's conduct falls within the scope of the statue(s).

    ii. **Sentencing Issues:** The parties agree to waive the right to appeal all sentencing issues except those related to: (1) application of Sentencing Guideline offense-level adjustments (including those based on criminal history) not specifically set forth in the plea agreement or non-application of adjustments specifically set forth in the agreement; (2) calculation of the defendant's criminal history category; or (3) substantive reasonableness of the sentence— above the Guideline range ultimately determined by the Court for appeals taken by the defendant, or below that range for appeals taken by the Government.

    B. **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    C. **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

   A. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

   B. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

   C. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime the defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

   D. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

   E. **Possibility of Detention:** The defendant may be subject to immediate detention

pursuant to the provisions of Title 18, United States Code, Section 3143.

**F.     Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

**G.     Forfeiture:** The defendant agrees to forfeit all of the defendant's interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. The defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners. The defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

**9.     ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine

adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the United States' case and any defenses.

The guilty plea could impact the defendant's immigration status or result in deportation. In particular, if any crime to which the defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

10.   **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent

of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11.  **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if the defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12.  **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

1/11/24
Date

_____
CATHERINE M. HOAG
Assistant United States Attorney

1/11/24
Date

_____
JUSTIN COLLINS
Defendant

1/11/24
Date

_____
CHIMENE Y. LASKLEY
Attorney for Defendant