UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cr-00706-SRC |
| | ) | |
| JUSTIN L. COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

**Order**

Justin L. Collins argues that Amendments 821, 825, 828, and 829 to the United States Sentencing Guidelines impact his sentence and create an unwarranted sentencing disparity, and as a result, he is entitled to a modified or reduced sentenced pursuant to 18 U.S.C. § 3582. Doc. 97 at 1 (The Court cites to page numbers as assigned by CM/ECF.). Having reviewed the record, the Court finds that those amendments have no impact on Collins's sentence, and to the extent Collins requests compassionate release, the Court finds that Collins has failed to bring forth any extraordinary and compelling reason that warrants a sentence reduction.

## I. Background

In December 2022, a federal grand jury indicted Collins on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Doc. 2. A year later, Collins voluntarily pleaded guilty to the offense. Doc. 44; doc. 45 § 2; *see also* doc. 2. In exchange, the United States agreed to bring "no further federal prosecution in this District relative to [Collins's] violations of federal law, known to the United States at [the time of Collins's guilty plea], arising out of the events set forth in the Indictment." Doc. 45 § 2. The

Court sentenced Collins to 144 months' imprisonment and 3 years' supervised release. Doc. 76 at 2–3. Collins appealed. Doc. 81.

In January 2025, the Eighth Circuit remanded Collins's case back to this Court for the limited purpose of correcting an error in the judgment, which the Court did. *See* doc. 92; c*ompare* doc. 76 at 2, *with* doc. 93 at 2. In May 2026, the Eighth Circuit affirmed the Court's Amended Judgment. Docs. 95–96, 98. Collins is currently serving his sentence at USP Lee in Virginia with a projected release date of December 25, 2032. *Find an inmate*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited October 29, 2026).

In June 2026, Collins filed a motion for sentence reduction, doc. 97, which the Federal Public Defender declined to supplement, doc. 99. Because the Court didn't order the United States to respond, Collins's motion is now ripe for the Court's consideration.

## II. Standard

The relevant statute provides:

> (c) MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

## III. Discussion

### A. Amendments to the United States Sentencing Guidelines

Collins claims that Amendments 821, 825, 828, and 829 entitle him to sentence reduction. Doc. 97 at 1. These amendments, however, went into effect before Collin's December 2024 sentencing, so he has already received any benefit these amendments provide. *See* doc. 74 ¶ 24.

#### 1. Amendments 821 and 825

Amendment 821 went into effect on November 1, 2023. *See* U.S. Sent'g Guidelines Manual § 4A1.1 historical note (U.S. Sent'g Comm'n 2025); *see also* U.S. Sent'g Guidelines Manual § 4C1.1 historical note (U.S. Sent'g Comm'n 2025). Amendment 825 gave retroactive effect to Part A and subpart 1 of Part B of Amendment 821. *See* U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.7 (U.S. Sent'g Comm'n 2025). Part A of the amendment decreases "status points" by one point for individuals with seven or more criminal-history points and eliminates them for individuals with six or fewer criminal-history points. *See id.* No eligibility limitations under this part of the amendment apply based on crime type, violence, or weapons, but these are factors that a court may consider in determining whether to grant a sentence reduction. *See id.* Subpart 1 of Part B of the amendment provides a decrease of two offense levels for "zero-point offenders" (no criminal history points) whose offense did not involve specific aggravating factors. *See id.*

Amendments 821 and 825 took effect before Collins's sentencing in December 2024, so he has already received the benefit of these amendments. *See* doc. 74 ¶ 70 (showing Collins received only one status point instead of the two he would have received before Amendments 821 and 825). As such, Amendments 821 and 825 don't entitle Collins to a sentence reduction.

**2. Amendment 828**

Amendment 828 became effective on November 1, 2024. *See* U.S. Sent'g Guidelines Manual § 2K2.1 historical note (U.S. Sent'g Comm'n 2025); *see also* U.S. Sent'g Guidelines Manual § 2K2.4 historical note (U.S. Sent'g Comm'n 2025). It resolved conflicts between different federal circuit courts regarding how to apply weapon enhancements and handle altered serial numbers during the sentencing of firearm offenses. U.S. Sent'g Guidelines App. C, Amend. 828. Reason for Amendment. Amendment 828 likewise took effect before Collins's sentencing in December 2024; thus, it has no impact on Collins's sentence.

**3. Amendment 829**

In 2024, Amendment 829 revised USSG §5H1.1 to state the following:

> Age may be relevant in determining whether a departure is warranted.
>
> Age may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration.
>
> A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.
>
> The age-crime curve, one of the most consistent findings in criminology, demonstrates that criminal behavior tends to decrease with age. Age-appropriate interventions and other protective factors may promote desistance from crime. Accordingly, in an appropriate case, the court may consider whether a form of punishment other than imprisonment might be sufficient to meet the purposes of sentencing.
>
> Physical condition, which may be related to age, is addressed at §5H1.4 (Physical Condition, Including Drug or Alcohol Dependence or Abuse; Gambling Addiction).

U.S. Sent'g Guidelines Manual § 5H1.1 (U.S. Sent'g Comm'n 2024). This amendment was also in effect at the time of Collins's sentencing in December 2024, so the Court took the amendment into account at sentencing. *See* doc. 74 ¶ 24. Additionally, in 2025, Amendment 836 removed Section 5H1.1 from the United States Sentencing Guidelines. *See* U.S. Sent'g Guidelines Manual § 5H1.1 historical note (U.S. Sent'g Comm'n 2025). As such, Amendment 829 does not entitle Collins's to a sentence reduction.

### B. Compassionate release

To the extent Collins requests compassionate release, the Court finds that Collins has failed to bring forth any "extraordinary and compelling reason" that warrants a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2025).

## IV. Conclusion

For the reasons set forth above, the Court denies Collins's [97] Motion for Modification of Sentence and/or Sentence Reduction.

So ordered this 29th day of October 2026.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE